IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 02-172-30 |
| ABDUL HOWARD : | |

## ORDER

**AND NOW**, this \_31st\_\_\_\_ day of July, 2018, upon consideration of the Petitioner's *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 2731), the counseled supplements to Petitioner's Motion (Docs. 2879 and 2894), the Government's Responses (Docs. 2774 and 2886), and Oral Argument held before the Court on July 24, 2018, **IT IS HEREBY ORDERED AND DECREED** that Petitioner's Motion is **GRANTED**.[1]

**IT IS FURTHER ORDERED** as follows:

1. Petitioner's offense level shall be reduced to 36;[2]

2. Petitioner's term of imprisonment is **REDUCED TO 260 MONTHS**. Petitioner shall receive credit for time served, the same terms and conditions from the prior sentence imposed by Judge Stewart Dalzell shall apply, and Petitioner shall pay a special assessment; and

3. Petitioner's *Pro Se* Motion Requesting Leave to File Supplemental Pleading (Doc. 2819) is **DISMISSED AS MOOT**.

BY THE COURT:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

1

---

¹   Petitioner moves this Court to reduce his sentence under 18 U.S.C. § 3582 and Amendment 782 because his sentencing range has been lowered by the Sentencing Commission. Respondent argues that Petitioner is not eligible for a sentence reduction because Amendment 782 does not lower Petitioner's base offense level of 38. Respondent contends that the Honorable Stewart Dalzell did not make formal drug quantity findings; therefore, this Court is permitted to make supplemental quantity findings based on the existing record. Because Petitioner was involved in the drug conspiracy for at least two and a half years, Respondent argues that Petitioner was responsible for at least 25.2 kilograms of cocaine base ("crack") and his base level remains 38.

A court may reduce the term of imprisonment

> of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A district court should complete a two-step inquiry under § 3582(c)(2). First, the district court must determine whether a defendant is eligible for a sentence reduction. *United States v. Tolendano*, 643 F. App'x 145, 148 (3d Cir. 2016) (not precedential) (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). Second, if a defendant is eligible, the district court should consider applicable § 3553(a) factors "to determine if the reduction is authorized in whole or in part under the particular circumstances of the case." *Id.* (citing *Dillon*, 560 U.S. at 827).

In addressing the first step of the inquiry, the Court determines that Petitioner is eligible for a sentence reduction. Judge Dalzell adopted the Probation Office's Presentence Investigation Report ("PSR") at both Petitioner's sentencing and re-sentencing and found Petitioner accountable for more than 1.5 kilograms of crack and 150 kilograms of powder cocaine. Judge Dalzell did not make specific quantity findings beyond the amounts adopted in the PSR, and this Court declines to do so.

Respondent cites out-of-circuit authority to support its argument that a court considering a § 3582(c)(2) motion *may* make supplemental quantity findings based on the existing record where the precise quantity at issue was not firmly decided. However, the Third Circuit has not squarely confronted this issue. The Third Circuit has closely adhered to the Supreme Court's precedent governing § 3582(c)(2) proceedings: namely, that the relevant policy statement places "considerable limits on district court discretion" and that such proceedings "shall substitute the amended Guidelines range for the initial range" and leave "all other guideline application decisions unaffected." *Freeman v. United States*, 564 U.S. 522, 531 (2011); *Dillon*, 560 U.S. at 831; *see United States v. Ortiz-Vega*, 744 F.3d 869 (3d Cir. 2014). Without Third Circuit

precedent on the issue, the Court will follow a more conservative, restricted approach to § 3582(c)(2) proceedings. Accordingly, the Court declines to make supplemental drug quantity findings and relies on Judge Dalzell's adoption of the PSR finding Petitioner accountable for more than 1.5 kilograms of crack and 150 kilograms of powder cocaine.

A quantity of 1.5 kilograms of crack now carries a base offense level of 32. With other adjustments, Petitioner's offense level is 36, and his guideline range is 235 to 293 months. Although Petitioner contends that if the Court finds that he is eligible for relief, the Court may reduce his sentence below the amended guideline range, the Court disagrees. "Courts generally may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range produced by the substitution." *Dillion*, 560 U.S. at 827.

In addressing the second step of the inquiry, after considering applicable § 3553(a) factors, the Court determines that a reduction is authorized under the particular circumstances of the case. First, this Court considers policy issues. "[O]ne of the aims of Amendment 782 is to place a greater emphasis on a defendant's role and conduct in a crime–rather than merely the quantity of drugs involved in the crime." *Tolendano*, 643 F. App'x at 149. Judge Dalzell found that Petitioner was in the upper-echelon of the conspiracy, and comparably culpable to Malik Williams and Jermaine Singleton, but not as high placed as Singleton. The Court will not disturb Judge Dalzell's findings. In placing a greater emphasis on Petitioner's role and conduct in the conspiracy and considering Petitioner's comparable culpability with Williams, who was granted a 2-point sentence reduction and resentenced to 330 months, the Court determines that a reduction is authorized under the particular circumstances.

Second, the Court considers Petitioner's post-sentence conduct. At Oral Argument on July 24, 2018, the Court accepted testimony from Petitioner's wife, Petitioner's mother, Petitioner's son, who represented all of Petitioner's children, and Petitioner. Petitioner's family testified to Petitioner's maturity. Petitioner testified that, at the time of his conviction, he was not ready to re-enter society; but, now, he feels that he is ready to be a productive member of society. Respondent stated that it was "impressive" that Petitioner had only three minor infractions in sixteen years. Considering the testimony at Oral Argument and the record, the Court determines that Petitioner is ready to prove that he should be permitted to re-enter society, and a reduction is authorized under the particular circumstances.

Accordingly, the Court grants Petitioner a sentence reduction as outlined above.

---

2      The Court arrives at an adjusted offense level of 36 for Petitioner by adding 2 points for obstruction of justice and adding 2 points for possession of a firearm to Petitioner's new base offense level of 32, which is the base offense level attributable to a quantity of 1.5 kilograms of crack. With an offense level of 36, Petitioner's new sentencing guideline range is 235 to 293 months.